FILED
SUPERIOR COURT
OF GUAM

2019 FEB -8 AM 1:58

CLERK OF COURT



## IN THE SUPERIOR COURT OF GUAM

By:_____

| | |
|---|---|
| WAYSON W. S. WONG,<br><br>          Plaintiff,<br><br>vs.<br><br>CYFRED, LTD., and LEONARD FRANCIS GILL,<br><br>          Defendants. | **Superior Court Case No. <u>CV0425-18</u>**<br><br><br>**DECISION AND ORDER**<br>**re**<br>**MOTION TO CONSOLIDATE**<br>**FOUR CASES** |
| JOSHUA F. PETER, ET. AL.,<br><br>          Plaintiffs,<br><br>vs.<br><br>FRANCIS GILL, ET AL.,<br><br>          Defendants. | **Superior Court Case No. <u>CV0426-18</u>** |
| DAVID WAATHDAD, ET. AL.,<br><br>          Plaintiffs,<br><br>vs.<br><br>CYFRED, LTD.,<br><br>          Defendant. | **Superior Court Case No. <u>CV0735-18</u>** |

ORIGINAL

| | |
|---|---|
| FRANCIS GILL and CYFRED, LTD.,<br><br>Plaintiffs,<br><br>vs.<br><br>WAYSON W. S. WONG and DOES ONE (1) through NINETY (90) inclusive,<br><br>Defendants. | **Superior Court Case No. <u>CV0736-18</u>** |

This Court presides over the four above-captioned cases which concern an alleged breach of a single settlement agreement or claims related to that settlement agreement. Parties represented by Attorney Wayson Wong seek consolidation of the four matters, while parties represented by Attorney Curtis Van de veld oppose consolidation. In the interests of justice and efficiency, the Court GRANTS the motion in part and DENIES in part.

## I.    PROCEDURAL BACKGROUND

1. In March 2013, Cyfred, Ltd. and Leonard Francis Gill entered into a settlement agreement with homeowners in the Gill-Baza Subdivision. Wong represented the homeowners in the settlement transaction.

2. Four cases have arisen that relate directly or indirectly to the settlement agreement: *Wong v. Cyfred, Ltd., et al.,* CV0425-18, *Peter, et al., v. Gill, et al.,* CV0426-18, *Waathdad, et al., v. Cyfred, Ltd.,* CV0735-18, and *Gill, et al., v. Wong, et al.,* CV0726-18.

3. The undersigned Judge presides over all four cases.

4. **CV425-18.** Wong initiated CV0425-18 against Cyfred and Gill to collect on a $100,000 Promissory Note executed in connection with the settlement agreement.

ORIGINAL

5. **CV426-18.** Numerous Gill-Baza Subdivision homeowners initiated CV0426-18 against Cyfred, Gill, and Stephanie Mendiola, seeking to clear the title on the first lots sold to them by Cyfred and Gill under the settlement agreement.

6. **CV0735-18.** Numerous Gill-Baza Subdivision homeowners filed CV0735-18 against Cyfred. The action seeks injunctive and other relief related to Cyfred's foreclosure or attempted foreclosure on the homeowners' "second lots."

7. **CV0736-18.** Cyfred and Gill argue that Wong made misrepresentations in negotiating the settlement agreement and subsequent litigation. Cyfred and Gill claim that Wong committed fraud and malicious prosecution, among other torts.

8. There is a jury demand in CV0426-18 but in no other case.

## II.     LAW AND ANALYSIS

"When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." GRCP 42(a). "Consolidation is inappropriate, however, if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

Wong and his clients contend that the "multitude of common questions of fact and law fully justify the consolidation [of the four cases]." Mot. at 7 (Sept. 13, 2018). He claims that such consolidation will "avoid unnecessary delay and duplicative expenses." *Id.* Cyfred, Gill, and Mendiola, however, oppose consolidation. Cyfred, for example, maintains that its claims for relief of malicious prosecution and abuse of process in CV0736-18 "should not be held hostage"

ORIGINAL

to claims concerning the settlement agreement. Opp'n to Mot. at 8 (Oct. 10, 2018). Mendiola maintains that she is not a party to any settlement documents other than as a third-party beneficiary and should not have to bear "the burden of participation" in actions involving the settlement agreement. *Id.*

There is no doubt that these cases share some of the same parties and the same attorneys. In each case, it is likely that the same witnesses will testify, and many of the same documents will be introduced. This scenario demands conservation of resources to prevent duplicate efforts.

However, what complicates consolidation is the demand of a jury trial in CV0426-18. Such demand has resulted in Attorney Wong's disqualification from representing his clients in that case's trial. *See* CV0426-18, Decision and Order (Dec. 27, 2018). Consolidation of CV0426-18 with other cases may result in the presentation of needless evidence before a jury, which may also result in jury confusion concerning Attorney Wong's alleged misconduct. On the other hand, the Court maintains that witnesses should not be called multiple times to testify as to the same subject matter.

Further complicating consolidation is that most of these cases now reach far into discovery and have dispositive motions pending. The Court finds that for organizational purposes, the cases' dispositive motions should continue to be handled separately.

However, should any case proceed to trial, the Court will take measures to make the presentation of evidence orderly. To streamline the presentation of evidence and to conserve judicial resources, the Court will require that CV0426-18 be tried first, with a consolidated trial of CV0425-18 and CV0736-18 to follow. The Court will require that testimony presented in CV0426-18 not be duplicated in CV0425-18 or CV0735-18. For these three cases - CV0425-18,

ORIGINAL

CV0426-18, and CV0736-18 - discovery shall also be consolidated going forward.

The Court finds the consolidation of discovery and trial as described is appropriate because of the cases' commonality. CV0426-18 concerns homeowners seeking to clear title on the first lots sold to them by Cyfred and Gill under the settlement agreement. CV0736-18 directly relates to these litigation efforts in that Cyfred and Gill claim Wong has no authority to litigate the issues in CV0426-18 on behalf of his deceased clients, or the authority to sign the settlement agreement on their behalf. Cyfred attempts to differentiate CV0736-18's claims for relief of malicious prosecution and abuse of process by basing them on cases CV0934-15[1] and CV0073-16[2] but read more broadly, Wong's alleged lack of authority is still the main issue. To that extent, the relief sought in CV0425-18 would be implicated. Cyfred and Gill could have easily filed their claims in CV0736-18 as counterclaims in CV0425-18 or CV0426-18.

The Court does not find consolidation will cause Mendiola unfair prejudice. The trial in CV0426-18 will not touch upon issues in CV0425-18 or CV0736-18, and the conservation of resources by all in discovery outweighs her individual interest in keeping these cases separate.

CV0735-18 does not directly deal with a breach of the settlement agreement. Instead, it focuses on enjoining the foreclosures of the homeowners' second lots. The lines of inquiry for discovery and trial in CV0735-18 may differ from the other cases, and thus, discovery will not be consolidated with the other cases to allow the parties their full opportunity to complete discovery under the Rules, and trial also will not be consolidated with the other cases.

## III.  CONCLUSION AND ORDER

---

[1] *United Pacific Islanders' Corp., et al. v. Gill, et al.*, CV0934-15 ("*UPIC I*"). Contrary to Cyfred's assertion that the suit was "determined to have been wrongly asserted," (Opp'n to Mot. at 8), *UPIC I* was dismissed without prejudice on procedural grounds. *See UPIC I* (Dec. and Order, Jan. 27, 2016).

[2] *United Pacific Islanders' Corp., et al. v. Gill, et al.*, CV0073-16 ("*UPIC II*"). This case was also dismissed without prejudice for failure to join indispensable parties under Guam Rule of Civil Procedure 19. *UPIC II* (Dec. and Order, Nov. 30, 2016).

In the interests of justice and efficiency, the Court GRANTS IN PART the Motion to Consolidate and ORDERS:

1. CV0425-18, CV0426-18, and CV0736-18 are consolidated for discovery purposes going forward.

2. CV0426-18 shall be tried first, with the consolidated trial of CV0425-18 and CV0736-18 to follow.

3. A new case schedule will be issued in CV0426-18, which will largely contain the same deadlines as in the Scheduling Order in CV0425-18.

4. The deadlines in the Scheduling Order in CV0736-18 apply to CV0425-18 and CV0736-18.

5. Motions and further filings shall continue to be filed in the separate cases, with the exception of pretrial materials submitted in CV0425-18 and CV0736-18, which shall be under a consolidated caption with CV0425-18 as the lead case.

The Court DENIES the Motion to Consolidate as to CV0735-18.

SO ORDERED this 8th day of February 2019.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
WONG
VAN DEVELD
Date: 2/8/19    Time: 2pm
Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Wayson W. S. Wong for Wayson Wong and Plaintiffs in CV0426-18 and in CV0735-18
Curtis C. Van de veld for Cyfred, Ltd., and Leonard Francis Gill, and Stephanie Mendiola

ORIGINAL